UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FLORENCE F. SMITH,

                    Appellant,                          MEMORANDUM AND ORDER
                                                        19-CV-6020 (RPK)

        -against-

JEMCAP FUNDING LLC, and MONTROSE
EQUITY PARTNERS LLC,

                    Appellees.
-------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

        Appellant Florence F. Smith brings this *pro se* appeal under 28 U.S.C. § 158 to contest the

appointment of a Chapter 11 trustee in a bankruptcy proceeding.  *See* Notice of Appeal (Dkt. #1).

Appellee Montrose Equity Partners LLC ("Montrose") and the appointed trustee, Alan Nisselson,

have each moved to dismiss the appeal, principally on the grounds that it is untimely.  *See* Mot.

to Dismiss ("Montrose Mot.") (Dkt. #12); Mem. of L. in Supp. of Mot. to Dismiss ("Trustee Br.")

(Dkt. #13-3).[*]  This Court lacks jurisdiction over the appeal because it is untimely.  I therefore

dismiss the appeal.

                                        BACKGROUND

        Appellant Smith is the debtor in an individual Chapter 11 case in the United States

Bankruptcy Court for the Eastern District of New York.  *See* Trustee Decl. at Ex. A ("Bankruptcy

Docket Sheet") (Dkt. #13-1).  Montrose represents that it is "the largest creditor" in that case and

the "holder of a final state court judgment of foreclosure and sale" against Ms. Smith and two

properties at issue in the proceeding.  Montrose Mot. ¶ 4.  In July 2019, Montrose moved to appoint

a Chapter 11 trustee to protect itself and Ms. Smith's other creditors.  *Id.* ¶ 6; Bankruptcy Docket

---

[*]   The docket sheet for this appeal inaccurately reflects that Mr. Nisselson is the attorney for appellee Jemcap
      Funding LLC, which has not appeared.  *See* Montrose Mot. at 2 n.1.

Sheet at Doc. 50.  The Bankruptcy Court entered a conditional order authorizing the appointment of a trustee on August 26, 2019.  *See* Notice of Appeal at 7-9; Bankruptcy Docket Sheet at Doc. 75. It then entered an order authorizing the appointment of a Chapter 11 trustee on September 11, 2019.  Montrose Mot. ¶ 9; Bankruptcy Docket Sheet at Doc. 87.  It approved the appointment of Mr. Nisselson as trustee one week later, on September 18, 2019.  Trustee Decl. at 4 n.3 (Dkt. #13); Bankruptcy Docket Sheet at Doc. 92.

On October 24, 2019, appellant filed a notice of appeal in the Bankruptcy Court from the August 26 conditional order.  *See* Bankruptcy Docket Sheet at Doc. 116.   The proceedings commenced in this Court on October 25, 2019.  *See* Notice of Appeal.  The record does not reflect that appellant ever sought an extension of time to file her appeal.  *See* Montrose Mot. ¶ 19; Trustee Br. at 2; *see generally* Bankruptcy Docket Sheet.

## DISCUSSION

Federal district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" entered by bankruptcy courts.  28 U.S.C. § 158(a)(1).  They also have "discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."  *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *see* 28 U.S.C. § 158(a)(3).  But district courts may exercise those forms of jurisdiction only if a litigant has filed a timely notice of appeal.  Such a notice must be filed with the bankruptcy clerk "within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a); *see* 28 U.S.C. § 158(c)(2); *see also* Fed. R. Bankr. P. 8003(a) and 8004(a).  If an appellant neither files an appeal nor seeks an extension within that 14-day window, the litigant may seek a retroactive extension within 21 days after the passage of the deadline, if the litigant makes a showing of "excusable neglect."  Fed. R. Bankr. P. 8002(d); *see In re Soundview Elite Ltd.*, 512 B.R. 155, 156-57 (S.D.N.Y. 2014), *aff'd*, 597 F. App'x 663 (2d Cir.

2

2015).  A district court lacks jurisdiction to consider appeals that do not comply with these timing requirements.  *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam); *In re Indu Craft, Inc.,* 749 F.3d 107, 114-15 (2d Cir. 2014); *cf. In re Soundview Elite Ltd*., 512 B.R. at 156-57, 158 n.6 (finding that the court lacked jurisdiction to consider a bankruptcy appeal that was filed two hours late).

Under these principles, appellant's failure to file a timely notice of appeal deprives this Court of jurisdiction.  Ms. Smith appears to appeal the August 26, 2019 conditional order authorizing the appointment of a Chapter 11 trustee, even though the Bankruptcy Court issued a further appointment order on September 11, 2019, and an order appointing Mr. Nisselson as trustee on September 18, 2019.  *See* Notice of Appeal at 3; Bankruptcy Docket Sheet at Docs. 75, 87, 92. But Ms. Smith's appeal would be untimely as to any of these orders, because Ms. Smith did not file a notice of appeal in the Bankruptcy Court until October 24, 2019.  That date is 59 days after the August 26 conditional order, 43 days after the September 11 appointment order, and 36 days after the order appointing Mr. Nisselson as trustee.  *See* Fed. R. Bankr. P. 9006(a).  The record does not suggest that Ms. Smith filed any request for an extension of time to file an appeal, let alone a request within the time allowed under Federal Rule of Bankruptcy Procedure 8002(d). Because this appeal is untimely, the Court lacks jurisdiction to consider it.

<u>CONCLUSION</u>

The motions to dismiss the appeal are granted.

SO ORDERED.

   __/s/ Rachel Kovner_____
   RACHEL P. KOVNER
   United States District Judge

Dated:  September 28, 2020
        Brooklyn, New York